UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVAGEAR INC., Plaintiff, -against- OKAMOTO USA, INC., Defendant. | Case No 12 Civ. 2317-KAM-SMG |

**DEFENDANT OKAMOTO USA, INC.'S**
**ANSWER, DEFENSES, AND COUNTERCLAIM**

Defendant Okamoto USA, Inc.'s ("Okamoto"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

**PARTIES**

1. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 1 of the Complaint; therefore all allegations are denied.

2. Okamoto admits it is a corporation incorporated under the laws of the State of Connecticut, and that it has sold products into the territory encompassed by the Eastern District of New York and in other parts of the country. Okamoto further admits that is has a mailing address of 3130 West Monroe Street, Sandusky, Ohio 44870.

**NATURE OF THE ACTION**

3. The Complaint speaks for itself.

4. The Complaint speaks for itself. Okamoto denies all remaining allegations contained in paragraph 4 of the Complaint.

## JURISDICTION

5. Okamoto admits that the Court has subject matter jurisdiction in this matter. Okamoto denies all remaining allegations contained in paragraph 5 of the Complaint for want of knowledge.

6. Okamoto admits that the Court has personal jurisdiction in this matter. Okamoto denies all remaining allegations contained in paragraph 6 of the Complaint.

7. Okamoto admits that some of the events which Plaintiff alleges give rise to its claims occurred in this Judicial District, and that in this action, it is subject to personal jurisdiction in this Judicial District. Except as aforesaid, Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 7 of the Complaint; therefore all allegations are denied.

## BACKGROUND FACTS

8. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 8 of the Complaint; therefore all allegations are denied.

9. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 9 of the Complaint; therefore all allegations are denied.

10. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 10 of the Complaint; therefore all allegations are denied.

11. Okamoto admits that the cover of U.S. Patent No. 6,598,235 (the "'235 Patent") states that (i) Provisional Application No. 60/222,486 was filed on August 2, 2000; (ii) U.S. Patent Application No. 09/921,284 was filed on August 2, 2001; and (iii) Ms. Bulla is a named inventor on the '235 Patent. Okamoto denies all other allegations set forth in paragraph 11 of the Complaint for want of knowledge.

12. Okamoto admits that it manufactures, sells and/or offers for sale products referred to as "Beyond BodiHeat", "Bodi Wrap" and "Beyond BodiHeat Knee Wrap". Okamoto denies all other allegations set forth in paragraph 12 of the Complaint.

13. Okamoto admits that the cover of the '235 Patent states that the '235 Patent issued on July 29, 2003. Okamoto denies all other allegations set forth in paragraph 13 of the Complaint.

14. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 14 of the Complaint; therefore all allegations are denied.

15. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 15 of the Complaint; therefore all allegations are denied.

**ALLEGED CAUSE OF ACTION FOR INFRINGEMENT**

16. Okamoto restates and incorporates its responses to paragraphs 1 through 15, as if fully set forth herein.

17. Okamoto is without knowledge and information so as to form a belief as to the allegations set forth in paragraph 17 of the Complaint; therefore all allegations are denied.

18. The allegations set forth in paragraph 18 of the Complaint are denied.

19. The allegations set forth in paragraph 19 of the Complaint are denied.

20. The allegations set forth in paragraph 20 of the Complaint are denied.

**DEFENSES**

21. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

22. The claims of each of the patents in suit are invalid and/or unenforceable.

23. Okamoto has not infringed, directly, contributorily or by inducement, the claims of the '235 Patent, either literally or under the doctrine of equivalents. No claim in the '235 Patent can be validly construed as to cover any Okamoto product.

24. Plaintiff's claims are barred by one or more of the following legal doctrines: estoppel, waiver, laches and misuse.

25. The '235 Patent fails to comply with one or more of §§101, 102, 103, or 112 of The Patent Act.

26. Plaintiff's allegation that Okamoto induced others to sell infringing products fails to comply the requirements of F.R. Civ. P. Rule 8.

27. Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations.

28. Okamoto reserves the right to raise additional defenses as discovery in the case may warrant.

## COUNTERCLAIM

## (DECLARATORY JUDGMENT FOR INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT)

Okamoto, for its Counterclaims against Plaintiff, alleges as follows:

29. Okamoto incorporates by reference all the foregoing allegations and averments in Paragraph 1 through 27.

30. This is an action for declaratory judgment of invalidity, unenforceability and non-infringement of the '235 Patent. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code.

31. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a). Venue is based on 28 U.S.C. § 1391(b) and (c).

32. The '235 Patent is invalid for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 101, 102, 103 or 112.

33. The '235 Patent is unenforceable as a matter of law.

34. Okamoto does not infringe, either literally or under the doctrine of equivalents, any claim contained in the '235 Patent.

35. As a consequence of the foregoing and the allegations contained within the Complaint, there is an actual and justiciable controversy between Plaintiff and Okamoto with respect to the validity, enforceability and infringement of the '235 Patent.

36. This action qualifies as an exceptional case, supporting an award of reasonable attorney fees, costs and expenses for Okamoto and against Plaintiff pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Okamoto requests that the Court enter judgment in Okamoto's favor and against the Plaintiff, granting all of the following relief:

A. An adjudication that the '235 Patent, and each of the claims contained therein, is invalid and/or unenforceable.

B. An adjudication that Okamoto does not infringe any of the claims contained within the '235 Patent, either literally or under the doctrine of equivalents.

C. An award of Okamoto's reasonable costs and attorney's fees pursuant to 35 U.S.C. §285 due to the exceptional nature of this case, or as otherwise permitted by law.

D. Such other and further relief in equity or law as this Court or jury may deem proper and just.

Dated: New York, New York
November 2, 2012

FRANKFURT KURNIT KLEIN & SELZ, PC
By: [signature]
Toby Butterfield
488 Madison Avenue, 10th floor
New York, NY 10022
(212) 826-5567
tbutterfield@fkks.com

Nicholas George, Esq.
David J. Hrina, Esq.
BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333-8332
Tel. No.: (330) 643-0212
NGeorge@bdblaw.com
DHrina@bdblaw.com

«AK3:1106769_v1»