UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LAVAGEAR INC.,

      Plaintiff,      <u>Memorandum & Order</u>
                12-CV-2317 (KAM)
 -against-

OKAMOTO USA, INC.,

      Defendant.
--------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

   In May 2012, plaintiff Lavagear Inc. filed a complaint alleging that defendant Okamoto USA, Inc. infringed plaintiff's patent, United States Patent No. 6,598,235 ("the '235 Patent"). Docket Entry 1. The owner and inventor assigned all rights arising under the patent to plaintiff, including the right to sue, on July 7, 2005. Compl. ¶ 5.

   In August of 2012, Okamoto filed a request with the United States Patent and Trademark Office ("PTO") for *ex parte* reexamination of the '235 Patent. *See* Butterfield Decl. Ex. B, Docket Entry 16-2.[1] The PTO granted the request for reexamination in October, finding that substantial new questions of patentability existed on claims 1-28 of the '235 Patent.[2] Butterfield Decl. Ex. C, Docket Entry 16-3. Okamoto now moves to stay the case during the reexamination process. Docket Entry 15. For the reasons stated below, I grant defendant's motion.

---

[1] "Butterfield Decl." refers to the declaration of Toby J. Butterfield, attorney for defendant, Docket Entry 16. Several supporting exhibits are attached to Mr. Butterfield's declaration and are referred to as "Butterfield Decl. Ex."

[2] Pursuant to 35 U.S.C. § 302, anyone may request the reexamination of a previously issued patent by citing to relevant prior art. If the PTO determines that the request raises a "substantial new question of patentability," it may initiate the process of reexamination. *Id.* §§ 303-04; 37 C.F.R. §§ 1.515, 1.525; *see also* 37 C.F.R. §§ 1.550-.560 (governing the conduct and scope of *ex parte* reexamination proceedings). Following the reexamination, the Director of the PTO issues a certificate with the Office's determination of which claims are and are not patentable. 35 U.S.C. § 307; 37 C.F.R. § 1.570. An appeal is available to the patent owner after the issuance of the certificate. 35 U.S.C. § 306.

District courts may stay patent infringement actions during the pendency of a patent reexamination. *Sanofi-Synthelabo v. Apotex, Inc.*, 2010 WL 1541435, at *1 (S.D.N.Y. Apr. 15, 2010) (citing, *inter alia*, *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008)). In assessing the merits of a stay, courts generally examine three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) how far the litigation has already progressed." *Aerotel, Ltd. v. IDT Corp.*, 2003 WL 23100263, at *1 (S.D.N.Y. Dec. 30, 2003) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406-07 (W.D.N.Y. 1999)); *see also Sanofi-Synthelabo v. Apotex, Inc.*, 2010 WL 1541435, at *1. All three factors weigh in favor of a stay in this case.

First, I find that Lavagear would not be unduly prejudiced by a stay of this litigation. Stays are "routinely" granted in similar cases. *Softview Computer Prods. Corp. v. Haworth, Inc.*, 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000) (collecting cases). The "issue is whether the Plaintiff will be *unduly* prejudiced . . . beyond . . . the inevitable delay." *Lederer v. Newmatic Sound Sys.*, 2011 WL 31189, at *2 (E.D.N.Y. Jan. 4, 2011) (finding that plaintiff's argument that it would go out of business during the stay was too speculative to credit as undue prejudice) (emphasis in original); *see also Aerotel*, 2003 WL 23100263, at *2 (noting that "the prejudice of which [plaintiff] complains- the inability to move forward and confirm the value of a patent- is an inevitable result of any stay" and granting the requested stay).

Plaintiff argues that the reexamination process will last for four or more years and this delay will prevent it from moving for injunctions to protect the interests of its licensees.[3] *See* Pl.

---

[3] Plaintiff does not provide authority for its contention that the length of the reexamination will be four or more years. Defendant states, citing to the PTO's summary of its *ex parte* reexamination proceeding statistics for 1981 through June 30, 2012, that the average reexamination lasts for 25.4 months. Def. Reply at 2, Docket Entry 22 (citing Butterfield Decl. Ex. E ¶ 7, Docket Entry 16-5). Plaintiff's figure may come from the combined time of

Mem. at 2-3.[4] These arguments do not articulate why plaintiff would be any more prejudiced than any plaintiff in a stayed patent infringement case and thus do not establish that Lavagear would be unduly prejudiced.

Plaintiff has also not plausibly suggested that defendant seeks this stay in order to gain a tactical advantage. *See* Pl. Mem. at 2. Lavagear charges that Okamoto requested adjournments of the answer deadline and date of the initial conference three times in order to profit from those delays and that it now attempts to do the same in moving for this stay. Pl. Mem. at 2-3; *see also* Order dated October 18, 2012 (granting, after defendant's most recent request, an extension of the deadline to answer to November 2, 2012 from an original date of July 2, 2012). As defendant points out, however, Okamoto began selling allegedly infringing products in 2005, but was not contacted by plaintiff until it filed this lawsuit in 2012. Pl. Mem. at 6; *see also* Hisayuki Decl. ¶¶ 3-4.[5] While it is unclear when plaintiff learned of defendant's sales, plaintiff does not dispute long term knowledge; instead, it avers that it was expending its resources pursuing another action related to this patent. *See* Pl. Mem. at 3.[6] This hardly explains why plaintiff failed even to demand that defendant cease and desist from selling its accused products or otherwise alert defendant to its infringement claim. Nor has plaintiff demonstrated that its

---

reexamination and appeal from the determination of that reexamination. *See Fisher-Price, Inc. v. Kids II, Inc.*, 2011 WL 6409665, at *3 n.4 (W.D.N.Y. Dec. 11, 2011) (accepting that an appeal to reexamination "would take an additional 24 months"). Such an appeal can be taken by the patentee only, however, and thus "the additional 24 months . . . would be necessary only if the PTO rules against Plaintiff." *Id.* (citing 35 U.S.C. § 106).

Plaintiff's discussion of an injunction is also somewhat confusing. Although plaintiff's requested relief in the Complaint includes preliminary and permanent injunctions, Compl. at 5, it has not moved for a temporary restraining order or preliminary injunction at this time. Further, the case plaintiff cites for the proposition that inability to obtain injunctive relief constitutes undue prejudice involved a patent that, unlike here (to the Court's knowledge), would have expired prior to the completion of reexamination. *See* Pl. Mem. at 2 (citing *Fisher-Price*, 2011 WL 6409665).

[4] "Pl. Mem." refers to Lavagear's memorandum in opposition to the motion, Docket Entry 20.

[5] "Hisayuki Decl." refers to the declaration of Naito Hisayuki, Chairman of Okamoto USA, Docket Entry 17.

[6] Plaintiff attaches to its counsel's declaration (Declaration of Henry J. Cittone, Docket Entry 21), the complaint in another case filed in this Court, *Lavagear, Inc. v. Heatmax, Inc.*, 11-CV-3508 (ERK) (JO) (filed Jul. 21, 2011), as Exhibit A (not Exhibit B, as discussed in the declaration). Why this filing is included here is unclear; presumably the *Heatmax* matter is the case Lavagear settled before turning to the instant case against Okamoto.

resources were so limited that it lacked the means to assert its claims against defendant while engaged in litigation with another alleged infringer.  Moreover, and in contrast to plaintiff's failure to assert its rights promptly, defendant filed its reexamination request less than 90 days after it was served with plaintiff's complaint.  Given plaintiff's delay in asserting its patent rights and defendant's prompt request for reexamination, plaintiff's argument that defendant seeks a stay only to gain a tactical advantage rings hollow.

Next, the PTO's reexamination will simplify the issues in this case going forward.  Plaintiff is correct that the outcome of the reexamination is not binding in this action and that a number of courts have rejected the idea that conflicting determinations by the PTO and a district court regarding patent validity are inevitably problematic.  *See* Pl. Mem. at 4 (citing *Xerox Corp.*, 69 F. Supp. 2d at 407); *see also Touch Tones Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009) (noting that "different results between the two forums may be entirely reasonable" (internal citation omitted)).  Nonetheless, a number of courts have recognized the value of a reexamination proceeding in paring down the questions in litigation.  *See, e.g.*, *Lederer*, 2011 WL 31189, at *3 (stating that "PTO reexamination will simplify the issues . . . by focusing discovery, narrowing the issues for trial, and potentially promoting settlement" (internal citation omitted)); *Bausch & Lomb, Inc. v. Rexall Sundown, Inc.*, 554 F. Supp. 2d 386, 391 (W.D.N.Y. 2008) (noting that a PTO determination invalidating the patent would "conserve the resources of this Court" and a finding validating it would allow "the Court [to] benefit from [the PTO's] expert analysis of [the patent] claims and the prior art"); *Pass & Seymour, Inc. v. Hubbell, Inc.*, 532 F. Supp. 2d 418, 436 (N.D.N.Y. 2007) (observing that "the court could benefit immensely from the expertise of the PTO, and that its determination could . . . at a minimum materially reshape the issues presented"); *Softview Computer Prods. Corp.*, 2000 WL 1134471,

4

at *2 (listing the advantages resulting from a stay pending completion of reexamination proceedings).

These observations are particularly apt in the instant case because the patent being reexamined is the only one at issue, and defendant has brought a counterclaim specifically challenging that patent's validity. *See* Answer ¶ 32, Docket Entry 13; *cf. Sanofi-Synthelabo*, 2010 WL 1541435, at *1 (denying a stay where the reexamination would not simplify the issues before the Court because only damages remained to be determined); *Touch Tones Music*, 676 F. Supp. 2d at 177 (finding that reexamination of one patent would not simplify the case because some patents at issue were not being reexamined and others had already been deemed valid by the PTO). In light of the PTO's expertise in evaluating prior art and determining patent validity, a live issue in this case, and the precedents discussed above, this factor too weighs in favor of a stay.

Finally, the case is at an early stage, further suggesting that a stay is appropriate. The parties agree that there has not been any significant discovery, let alone motion practice or concerted preparation for trial. *See* Def. Mem. at 8 (noting that "the parties have not yet served initial disclosures, [and] discovery has not yet begun"); Pl. Mem. at 5 (acknowledging the early stage of the case but stating that that lack of discovery thus far "is entirely [a] product of extensions of time sought by Defendant"). The authorities plaintiff cites in favor of moving forward with this litigation involved proceedings that were much more advanced than this case. *See Fisher Price*, 2011 WL 6409665, at *5 (noting in denying the stay that "substantial discovery [had] taken place, including interrogatories, formal infringement and validity contentions, and document production"); *Xerox Corp.*, 69 F. Supp. 2d at 407 (finding that the case was too developed to warrant a stay, as it had been pending for two years and the parties

5

had conducted substantial discovery, made dispositive motions, and were about to exchange expert reports). In contrast, this case has not progressed to a point where a stay would be problematic. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 89 (W.D.N.Y. 2011) (holding that the completion only of document discovery "plainly weighs in favor of the issuance of a stay" (internal citations omitted)).

As all three factors weigh in favor of granting a stay in this case, I find that a stay is warranted during the pendency of the PTO's reexamination process. Defendant's motion is therefore granted, and the case is stayed during reexamination and any appeal plaintiff chooses to make from the PTO's determination. The parties shall promptly report to the Court when the PTO's reexamination certificate has been issued.

SO ORDERED.

Dated:     Brooklyn, New York
           January 14, 2013

                                            /s/
                                        STEVEN M. GOLD
                                        United States Magistrate Judge


*U:\rmk 2011-12\Lavagear v Okamoto\Lavagear Order on Motion to Stay.docx*